UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MILTON LOWHORN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 1:04-cv-1904-LJM-WTL |
| | ) |
| ROLLS-ROYCE, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON MOTION TO COMPEL

This cause is before the Court on Plaintiff Milton Lowhorn's Motion to Compel. The motion is fully briefed, and the Court, being duly advised, **GRANTS IN PART** the motion for the reasons set forth below.

Lowhorn alleges that the Defendants violated the Age Discrimination in Employment Act ("ADEA") by refusing to allow him to work overtime as an alternate committeeperson from March 2002 until his retirement in July 2003, while younger alternate committeepersons were permitted to work overtime. Defendant Rolls-Royce asserts that Lowhorn's lack of overtime during that time period is explained by the fact that in March 2002 the manager of Department 819, the department in which Lowhorn worked, decided as a cost-saving measure to prohibit the paying of overtime for a committeeperson and an alternate committeeperson at the same time. Lowhorn was the only alternate committeeperson in Department 819.

In the instant motion, Lowhorn seeks to compel responses to his Supplemental Interrogatory No. 1 and his Supplemental Document Request No. 2, in which he seeks information regarding 18 other employees of Rolls-Royce who served as an alternate committeeperson or committeeperson. Rolls-Royce has refused to respond to these discovery

requests on the ground that the employees in question did not work in Department 819 and therefore were not similarly-situated to Lowhorn because the overtime limitation only applied to Department 819.  However, Lowhorn does not concede that such a policy existed for Department 819 or, if it did, that it was created for budgetary reasons.  Presumably Lowhorn will attempt to demonstrate that any such policy did not exist or, if it did, it was simply a pretext; if Lowhorn is successful at this argument, then the discovery he seeks regarding the other employees likely will be relevant to the issue of whether Lowhorn was treated differently than younger similarly-situated individuals.[1]  Rolls-Royce shall respond to Supplemental Interrogatory No. 1 and Supplemental Document Request No. 2 **within 10 days of the date of this Entry**.

Lowhorn also seeks to compel Rolls-Royce to respond to his Supplemental Interrogatory No. 3, in which he asks for "all dates and times Plaintiff was offered overtime as an alternate committeeman."  Rolls-Royce objects to this interrogatory because it is not sufficiently limited in time; Lowhorn was an alternate committeeman from at least 1996, but his lawsuit alleges discrimination beginning in March 2002.  The Court agrees that information dating back to 1996 is not relevant; **within 10 days of the date of this Entry** Rolls-Royce shall respond for the time period of March 1, 2001, until Lowhorn retired.

SO ORDERED:   10/13/2006

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

---

[1] Other than the alleged Department 819 overtime policy, Rolls-Royce does not point to any other way in which the other employees were not similarly-situated to Lowhorn.

2

Copies to:

Robert Adam Hicks
MACEY SWANSON & ALLMAN
rhicks@maceylaw.com

Sara Siddiqi Kokan
ROBERTS & BISHOP
ssiddiqi@roberts-bishop.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Nora L. Macey
MACEY SWANSON AND ALLMAN
nmacey@maceylaw.com

Aarika Denise Mack
BARNES & THORNBURG LLP
aarika.mack@btlaw.com

Robert Anthony Prather
BARNES & THORNBURG LLP
tony.prather@btlaw.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com